## VLADIMIR CERVENY
### v.
## THE CHICAGO DAILY NEWS COMPANY.

*Libel—Imputation of Holding Certain Opinions.*

The imputation that one holds certain opinions is not libelous.

[Opinion filed April 21, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. JONES & LUSK, for appellant.

Mr. JOHN J. KNICKERBOCKER, for appellee.

GARY, P. J. The Circuit Court sustained a demurrer to the declaration of the appellant, and entered final judgment for the appellee. The action is for publishing that " Cerveny is an anarchist, hot headed and fiery." And the declaration, after setting out a history of events, which may be found narrated in Spies v. People, 122 Ill. 1, and the execution of the sentence as to part of the convicted persons, avers that calling the appellant an anarchist, meant that he " was a person who entertained opinions and doctrines opposed to the

maintenance of law and order, and subversive of government, and in favor of the overthrow of society as then existing, by revolution and force." No actual or special damage is alleged.

The difficulty that is met on the threshold of this case, is that if it be libelous to impute to any one the holding of opinions, with whatever historical preface as to misconduct of persons holding the same opinions, there is scarcely a sect or party in religion or politics, in the old world or the new, that a plaintiff may not be at liberty to bring before a jury, for a condemnation or approval of its opinions. There is no precedent for such an action. It is true that definitions by judges and text writers seem to be authority for it, but they are supported by no adjudged cases. The nearest that have been found are: Stow v. Converse, 3 Conn. 325; and Giles v. State, 6 Ga. 276. In the first of these cases the libel was that the plaintiff, in a constitutional convention of the State of Connecticut, "Openly avowed the opinion that the government had no more right to provide by law for the support of the worship of the Supreme Being than for the support of the worship of the devil." And the court say "a sentiment so irreverent toward the Creator and Governor of the world, and so analogous to the modes of thinking habitual to unbelievers and profligate men, would disgrace any person who was not a professed infidel." There is more of the opinion in the same strain which seems to make the sting of the libel consist in imputing opinions to the plaintiff. But the libel in fact charged not opinion but an act—speech in a deliberative assembly—upon the plaintiff, so that whatever might be the authority in Illinois in 1890, of a Connecticut case touching religious opinions, decided in 1820, it is not in fact applicable to a case where opinions only are imputed.

In the Georgia case the construction placed upon the words is shown by this language of Judge Lumpkin: "But the enormity of this libel stops not here. As if to involve its victim in the lowest depths of infamy and disgrace, he is accused not only of being a tory in the war of the Revolution

but with having been punished in the most ignominious manner for the robberies which he then committed.

"When the name of Washington shall grow old and cold to the ear of the patriot; when it shall be synonymous with that of Arnold; when the poles of the earth shall be swung ninety degrees to a coincidence with the equator, then, and not before, will it cease to be a libel to call a man ' a plundering tory of the Revolution.' "   This decision was made in 1848.

I know not which most to admire; the eloquence of Judge Lumpkin, or the patriarchal longevity of the Georgians, which made them susceptible to injury after two-thirds of a century had passed since the surrender of Cornwallis, by imputations upon their conduct during the war of the Revolution.   But leaving that doubt unsettled, the case is no authority for this one.

The demurrer was rightly sustained and the judgment is affirmed.

*Judgment affirmed.*